### 21672. GURLEY *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

*Paul H. Field, Luther T. Mann,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

LUKE, J. The indictment in this case charges Dave Gurley with stealing from the dwelling-house of M. B. Folley on January 17, 1931, "35 pounds of Peerless flour, 3 pounds of ground coffee, 'Mamy Favorite Brand,' seven pounds of lard, 20 pounds of sugar," and three packages of corn meal, of the value of $5, and the property of M. B. Folley. A jury found Gurley guilty of larceny from the house; and he excepts to the overruling of his motion for a new trial, based solely upon the usual general grounds.

M. B. Farley (called "Folley" in the indictment) testified, in substance, that on January 17, 1931, the articles set out in the indictment were stolen from his home; that shortly after the theft he and the sheriff searched Dave Gurley's home and found "about half a bushel of meal and two pounds of 'Mamy Favorite' coffee; that said meal was in witness's meal-sack, and the coffee in a 'Mamy Favorite' coffee-bucket just like the one witness had; and that the articles so found belonged to witness."

After testifying to the ownership of the articles alleged to have

been stolen, and to the theft, Mrs. M. B. Farley swore as follows: "This meal was in this sack. This is my sack. I put the patches in the sack. I got the cloth off of this piece of cloth. I kept my coffee in a 'Mamy Favorite' can." There was testimony in behalf of the State to the effect that the defendant was seen near Farley's house the afternoon before the alleged theft, and was going towards said house.

The defendant flatly denied his guilt, and introduced evidence tending to show that he did not go near Farley's house, and that the articles found in his house by the sheriff were gotten elsewhere than from Farley's house. Bill England, sworn for the defendant, testified that the latter got five bushels of meal from him on December 20, 1930, in the same sack that contained the meal alleged to have been stolen. Mrs. England identified the sack in question as the same one her husband let defendant have the meal in, by the fact that it had three patches on it, a square torn out of the top, and black letters on it.

We see no occasion to set out more of the testimony. This case impresses us as being one peculiarly for the jury. We can not say that the conviction is without evidence to support it, and we hold that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*